UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AUSTIN L. WILLIAMS, | |
| v. | CASE NO. 1:21-CR-68 |
| UNITED STATES OF AMERICA | 1:25-cv-45 |

## OPINION AND ORDER

Austin Williams ("Williams") is a convicted armed methamphetamine trafficker serving a 156-month sentence of imprisonment. Pending before the Court is Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 54)[1], wherein Defendant asserts that the Court improperly added a firearm sentence enhancement when calculating his guideline range in violation of Amendment 599 to the United States Sentencing Guidelines (U.S.S.G.). He asks the Court to vacate his sentence because he believes that the Court engaged in impermissible double counting. The Government responded to the motion, ECF No. 56, asserting that the §2255 motion was untimely. Defendant did not reply. Because the Court agrees that the motion to vacate is untimely, Defendant's motion will be DENIED and no certificate of appealability will issue.

## ANALYSIS

---

[1] Williams originally filed a Motion for Reduction under 18 U.S.C. §3582(c)(2) (ECF No. 52). Upon review of that motion, this Court determined that the Defendant's motion for reduction should be construed as a petition under 28 U.S.C. §2255 because the relief sought fell substantively within the scope of §2255. (ECF No. 53). The Court advised Defendant pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), of the Court's intent to recharacterize the Motion as one under § 2255 and warned Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). The court further advised Defendant that he had the opportunity to withdraw the Motion, if he did not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Castro*, 540 U.S. at 383; see also *Nolan v. United States*, 358 F.3d 480, 482 (7th Cir. 2004). Defendant was provided time to withdraw or amend and did neither.

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, *id.* § 2255(f)(2)–(4).

In this case, the Defendant's judgment of conviction in the District Court was entered on June 1, 2022, and his conviction became final 14 days later when his appeal time expired. (ECF No. 43). Williams did not appeal, likely because his plea agreement contained a express waiver of

"the right to appeal or contest [the] conviction and all components of [the] sentence or the manner in which [the] conviction or [the] sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel…" (ECF No. 19, ¶8(d)). Nonetheless, he did not file for relief under §2255 until January 31, 2025 – well beyond the one-year limitations period. Moreover, while equitable tolling is an avenue he could pursue, see *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013) (equitable tolling is a basis on which a § 2255 movant can "avoid the bar of the statute of limitations."), his failure to file a reply or raise equitable tolling[2] dooms his motion to vacate. Accordingly, the Defendant's Motion is DENIED as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

---

[2] Even if raised, however, "equitable tolling is rarely granted," *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant has no way around the statute of limitations, and he has not presented any extraordinary circumstances justifying equitable relief. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) (ECF No. 54) and DECLINES to issue a certificate of appealability.

SO ORDERED on February 26, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT